# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs September 28, 2011

## STATE OF TENNESSEE v. TAMMY BERNICE DAVENPORT

**Direct Appeal from the Circuit Court for Blount County**
**No. C16947      David R. Duggan, Judge**

_____

**No. E2011-00350-CCA-R3-CD - Filed January 30, 2012**

_____

The defendant, Tammy Bernice Davenport, appeals the Blount County Circuit Court's revocation of her probation and subsequent sentencing. The defendant pled guilty in 2008 to the promotion of methamphetamine manufacture and received a ten-year sentence to be served on supervised probation. Following a prior revocation and reinstatement of her probation, a second violation warrant was issued alleging a violation based upon new charges and the use of intoxicants. Following a revocation hearing at which the defendant acknowledged her violations, the trial court revoked the defendant's probation and ordered that her sentence be served in confinement. On appeal, the defendant contends that the trial court abused its discretion by ordering the defendant to serve the balance of her sentence in confinement. Following review, we find no abuse of discretion in the trial court's actions as a defendant already on probation is not entitled to a second grant of an alternative sentence. Because we conclude no error occurred in this case and because the case has no precedential value, we affirm the judgment of the trial court in accordance with Rule 20 of the Tennessee Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which D. KELLY THOMAS, JR., and CAMILLE R. MCMULLEN, JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee, and Mack Garner, District Public Defender, for the appellant, Tammy Bernice Davenport.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; Michael L. Flynn, District Attorney General; and Matthew Dunn, Assistant District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

In April 2008, the defendant pled guilty to one count of the promotion of methamphetamine manufacture. Pursuant to the plea agreement, she was given a sentence of ten years, to be served on supervised probation. In June 2008, a violation warrant was filed alleging that the defendant had violated the terms of her probation by: (1) being arrested for driving under the influence ("DUI"), violation of the implied consent law, driving on a revoked license, and evading arrest; (2) using intoxicants to excess; and (3) failing to complete a drug and alcohol assessment. Following a hearing, the trial court revoked the defendant's probation and further ordered that the probation be reinstated on the condition that the defendant enter and complete the "Teen Challenge Program" and not get into more trouble.

In August 2010, a second violation warrant was issued, and later amended, which alleged that the defendant had again violated the terms of her probation by: (1) being arrested for theft, possession of drugs, DUI, and driving on a revoked license; (2) being in possession of narcotic drugs; and (3) using intoxicants to excess. A second amendment was filed noting that the defendant had subsequently pled guilty to theft and DUI, receiving a suspended sentence of eleven months and twenty-nine days. Later, a revocation hearing was held in the trial court, at which the State introduced certified copies of the defendant's convictions for theft and DUI. The defendant, a mother of three minor children, also testified at the hearing. She acknowledged her prior drug usage and drinking issues, her prior probation violation, as well as her return to drug use after completion of the Teen Challenge Program. She also admitted to a prior felony conviction for which she had been granted parole and also admitted violating that parole.

In her testimony, the defendant appeared to blame a great deal of her recent problems with the law on her abuse of Xanax, initially prescribed by her doctor for panic attacks after her completion of the Teen Challenge Program. The defendant acknowledged that she had, in fact, again violated her probation by committing the offenses of DUI and theft. However, although she had substance abuse problems since being released from jail, she asserted that she had now changed. She testified that she had a more stable living environment, met regularly with her probation officer, and had dissociated herself from people in the drug world.

The defendant's husband, Edward Justus Potter, also testified and stated that he had known the defendant for ten years. He acknowledged that she had previous substance abuse problems, during which times he did not associate with her. Mr. Potter described the defendant as being "h - - - on wheels" but stated that lately "she's been seeing the light." Specifically, he stated that she was now living with him and that she no longer used drugs.

He continued, stating that she had begun working and was spending more time with her children, who lived with their biological father. Mr. Potter testified that he had seen improvement in the defendant when she was in the Teen Challenge Program. However, after her release from that program, she had returned to her previous lifestyle of crime and drug use.

At the conclusion of the hearing, the defendant's attorney conceded that the defendant had violated the terms and conditions of her probation by pleading guilty to misdemeanor theft and DUI and by using controlled substances. It was also undisputed that this was the defendant's second violation of this probationary sentence. Nonetheless, a sentence other than incarceration was requested.

After hearing all the evidence presented, the trial court found that the defendant had violated her probation based upon her subsequent convictions and excessive use of intoxicants. The court thereafter revoked the defendant's probation and ordered her to serve the remainder of her sentence in confinement. The defendant has timely appealed.

The decision to revoke probation is in the sound discretion of the trial judge. *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). The judgment of the trial court will be upheld on appeal unless there has been an abuse of discretion. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). To find an abuse of discretion in a probation revocation case, an appellate court must determine that there was "no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Id.* at 554.

A trial court may revoke a sentence of probation if it determined by a preponderance of the evidence that the defendant has violated the conditions of probation. T.C.A. § 40-35-311(e) (2010); *Shaffer*, 45 S.W.3d at 554. Upon finding that the defendant has violated the conditions of probation, the trial court may revoke the probation and either: (1) order incarceration; (2) order the original probationary period to commence anew; or (3) extend the remaining probationary period for up to two additional years. T.C.A. §§ 40-35-308, -310, -311; *State v. Hunter*, 1 S.W.3d 643, 644 (Tenn. 1999).

The record before us clearly shows no abuse of discretion in the trial court's decision to revoke the defendant's probation. *See State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). The record contained substantial evidence, including the defendant's own admissions, that she violated the terms of her probation by committing new crimes and using intoxicants illegally. Further, upon finding that a violation occurred, the trial court was statutorily authorized to order the defendant to serve her sentence in incarceration. *See* T.C.A. §§ 40-35-308, -310, -311. Based upon the evidence in the record of the defendant's actions on

probation, including a prior revocation, we cannot conclude that the court erred in ordering incarceration in this case. Indeed, this court has held that "an accused, already on probation, is not entitled to a second grant of probation or another form of alternative sentencing." *State v. Jeffrey A. Warfield*, No.01C01-9711-CC-00504 (Tenn. Crim. App. at Nashville, Feb. 10, 1999). As such, the defendant is entitled to no relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action is taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the findings of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. As that is such in the case before us, the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE